UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LEON PARKS,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.
______________________________/

Case No. 1:26-cv-3061

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Elizabeth Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.15.) In an order entered on October 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the April 1, 2026, bond hearing on November 2, 2026, (Resp., ECF No. 5; Recording

of Apr. 1, 2026, Bond Hearing, filed on Nov. 2, 2026), and Petitioner filed his reply on November 6, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Guyana who entered the United States in 1995. (Form I-213, ECF No. 5-1, PageID.34.) On February 25, 2025, Petitioner was arrested by ICE. (Resp., ECF No. 5, PageID.24.)

On April 1, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*) At the conclusion of the April 1, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner is a "[d]anger to the community." (Immigration Judge Order, ECF No. 5-4, PageID.40.) In the beginning of the hearing, the immigration judge stated, "Burden is on the [Petitioner] to demonstrate that he is neither a danger to the community or a flight risk." (Recording of Ap. 1, 2026, Bond Hearing, at 4:05–4:17, filed on Nov. 2, 2026.) Toward the end of the hearing, the immigration judge again stated, "It's the [Petitioner's] burden to demonstrate that he is neither a danger to the community or a flight risk." (Recording of Ap. 1, 2026, Bond Hearing, at 12:30–12:40, filed on Nov. 2, 2026.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 9, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge